FUJIWARA AND ROSENBAUM, LLLC

ELIZABETH JUBIN FUJIWARA 3558
JOSEPH T. ROSENBAUM 9205
1100 Alakea St. 20th Fl. Ste. B
Honolulu, Hawaii 96813
Telephone: 808-203-5436

*RECEIVED CORPORATION COUNSEL C AND C OF HONOLULU*

*'22 OCT 12 P 2:00 FOR COPY ONLY*

*BRIAN D. ANCHETA*

**Electronically Filed
FIRST CIRCUIT
1CCV-22-0000983
17-AUG-2022
11:44 AM
Dkt. 1 CMP**

Attorneys for Plaintiff
MARQUIS JOHNSON

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| MARQUIS JOHNSON, | ) CIVIL NO. |
| | ) (Other Civil Action) |
| Plaintiff, | ) |
| | ) COMPLAINT; DEMAND FOR JURY |
| vs. | ) TRIAL; SUMMONS |
| | ) |
| CITY AND COUNTY OF HONOLULU; | ) |
| JACOB D. MECHAM, Police Officer; JOHN | ) |
| DOES 1-10; JANE DOES 1-10; DOE | ) |
| CORPORATIONS 1-10; DOE | ) |
| PARTNERSHIPS 1-10; DOE | ) |
| UNINCORPORATED ORGANIZATIONS | ) |
| 1-10; and DOE GOVERNMENTAL | ) |
| AGENCIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## COMPLAINT

COMES NOW Plaintiff MARQUIS JOHNSON [hereinafter referred to as "MR.

JOHNSON"], by and through his counsel, JOSEPH T. ROSENBAUM and ELIZABETH JUBIN

FUJIWARA and of Fujiwara and Rosenbaum, LLLC, and complains against the above-named

1

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawaiʻi.
Dated at: Honolulu, Hawaiʻi 12-OCT-2022, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawaiʻi



EXHIBIT "A"

Defendants alleges and avers as follows:

## I. NATURE OF CASE

1.      The basis of this case is police misconduct at the City and County of Honolulu Police Department.

## II. JURISDICTION

2.      MR. JOHNSON brings this action pursuant, including, but not limited to, 42 U.S.C § 1983 to obtain full and complete relief and to redress the tortious conduct described herein.

3.      At all times relevant herein, MR. JOHNSON was a African-American male citizen of the United States and resident of the City and County of Honolulu.

4.      At all times relevant herein, Defendant CITY AND COUNTY OF HONOLULU is a governmental municipality which includes the Honolulu Police Department, in the State of Hawaii. It is responsible for hiring, training, supervising, promoting, and disciplining employees of Honolulu Police Department (HPD). It is sued in its official capacity.

5.      Defendant JACOB D. MECHAM is and was at all relevant times employed by HPD as a Police Officer. He is and was at all times relevant a resident of the City and County of Honolulu, in the State of Hawaii. He is sued in his official and personal capacities for actions he personally committed.

6.      Defendants JOHN DOES 1-100, JANE DOES 1-100, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE UNINCORPORATED ORGANIZATIONS 1-10, and DOE GOVERNMENTAL AGENCIES 1-10 are sued herein under fictitious names because their true names, identities and capacities are unknown to the MR. JOHNSON, except that they are connected in some manner with Defendants, and are/were

2

agents, servants, employees, employers, representatives, co-venturers, associates, or independent contractors of Defendants herein, and were acting with the permission and consent and within the course and scope of said agency and employment and/or were in some manner presently unknown to the MR. JOHNSON engaged in the activities alleged herein and/or were in some way responsible for the injuries or damages to the MR. JOHNSON, which activities were a proximate cause of said injuries or damages to the MR. JOHNSON. MR. JOHNSON has made good faith and diligent efforts to identify said Defendants, including interviewing individuals with knowledge of the claims herein. At such time as their true names and identities become known, the MR. JOHNSON will amend this Complaint accordingly.

7.      All Defendants will be collectively referred to as "DEFENDANTS".

8.      All events done by Defendants described herein occurred within the City and County of Honolulu, State of Hawaii, and within the jurisdiction and venue of the Circuit Court of the First Circuit, State of Hawaii.

### III.  STATEMENT OF FACTS

9.      MR. JOHNSON, who has never been arrested or convicted of any crime, is an African-American male who was raised primarily in Hawai'i and in Germany.

10.     He moved back to Hawai'i from New York during the COVID-19 pandemic.

11.     On August 22, 2020 around midnight, MR. JOHNSON was walking by himself in Waikiki, O'ahu.

12.     On August 22, 2020 around 12:00 a.m., an Honolulu Police Department ("HPD") officer noticed two (2) African-American individuals in or about a parked black

3

Mercedes Benz vehicle in front of 427 Kalaimoku Street in Waikiki, O'ahu, as he drove by their location

      13.    A license plate check by the HPD officer revealed that the vehicle had been reported stolen.

      14.    The HPD officer circled back around to the stolen vehicle and observed three (3) African American males walking on the sidewalk on Kalaimoku Street.

      15.    Two (2) of the African American individuals were allegedly seen earlier in the vehicle by the HPD officer.

      16.    The HPD officer stopped the three (3) African American males, including MR. JOHNSON who did not know the other two men, and ordered them to get on the ground in a prone position with their hands out away from their body.

      17.    The HPD officer clearly displayed race based discriminatory animus against the three (3) African American males when the HPD officer did a license plate check on the Mercedes Benz vehicle.

      18.    It is apparent that the HPD officer solely checked on the vehicle because he observed African American males near the vehicle.

      19.    Shortly after the HPD officer ordered the three (3) African American males to get on the ground another HPD officer arrived.

      20.    The first HPD responding officer detained MR. JOHNSON while the second responding HPD officer detained the other two (2) African-American males.

      21.    MR. JOHNSON was minding his own business and walking by himself on the sidewalk of Kalaimoku Street when an HPD officer ordered MR. JOHNSON to get on the ground.

22.     The officer then searched MR. JOHNSON and handcuffed his hands behind his back.

23.     MR. JOHNSON told the officer that he was having pain in his shoulder and the handcuffs were hurting him because they were too tight.

24.     The officer refused to loosen the handcuffs.

25.     The officer then assisted MR. JOHNSON to the seated position facing the street with MR. JOHNSON's legs in front.

26.     The two (2) other African-American males detained have no connection or relation to MR. JOHNSON.

27.     A witness allegedly identified the two (2) African-American males detained previously shutting the door to the Mercedes Benz and walking away.

28.     As MR. JOHNSON sat helplessly on the sidewalk with his hands cuffed behind his back wondering why he was being detained, Defendant HPD Officer JACOB D. MECHAM came speeding up in an HPD patrol vehicle and parked the vehicle in the vicinity of MR. JOHNSON and the two (2) other African-American detainees.

29.     Without provocation or legal justification, OFFICER MECHAM exited his vehicle and rushed towards MR. JOHNSON telling HPD officers on the scene to move, and then with tremendous force blindsided MR. JOHNSON and immediately drove his knee into MR. JOHNSON's back forcing MR. JOHNSON to the ground.

30.     MR. JOHNSON instantly felt pain and promptly communicated it to OFFICER MECHAM.

31.     However, OFFICER MECHAM continued to manipulate MR. JOHNSON on the ground with his knee for what felt like several minutes while searching MR. JOHNSON

5

even though MR. JOHNSON had already been searched by another HPD officer.

32.     OFFICER MECHAM repeatedly asked MR. JOHNSON if he had any weapons or guns.

33.     MR. JOHNSON replied, "No," multiple times while OFFICER MECHAM physically abused and assaulted MR. JOHNSON.

34.     While continuing to drive his knee into MR. JOHNSON's back, OFFICER MECHAM forcefully pulled on MR. JOHNSON's handcuffs to prop him up from the ground and increased the pain in MR. JOHNSON's shoulders.

35.     Eventually, OFFICER MECHAM propped MR. JOHNSON back to a seated position and told him to shut up and not to look at the other detainees.

36.     MR. JOHNSON continued to ask OFFICER MECHAM why he was being detained, but OFFICER MECHAM never responded.

37.     In violation of HPD policy, OFFICER MECHAM's Body-Worn Camera was not turned on.

38.     OFFICER MECHAM's conduct against MR. JOHNSON was clearly an excessive use of force and illegal under the law.

39.     MR. JOHNSON was not a threat to himself, the officers or the public as he was handcuffed behind his back.

40.     Consequently, there was no need for any use of force to be used against MR. JOHNSON.

41.     The HPC's definition of Excessive Use of Force states: "Officers and employees shall not use physical force beyond the permissible limits."

42.     During the entire ordeal, MR. JOHNSON repeatedly asked the HPD

6

officers why he was being detained.

43.   The reasons they gave him varied during his detainment.

44.   MR. JOHNSON was told: 1) he was seen by one of the HPD officers getting out of the black Mercedes Benz, 2) he fit the description being a black male, 3) he was walking in the area, 4) HPD officers wanted to make sure he was not part of the crime since the car was reported stolen, 5) the car was reported stolen and that's why they stopped him, and 6) an HPD officer told MR. JOHNSON that a witness communicated that MR. JOHNSON was an innocent bystander and a HPD officer replied, "You got detained, so be it."

45.   Eventually, HPD officers released MR. JOHNSON after they realized he had no connection to the stolen vehicle or the other two (2) African American males that were detained.

46.   The damage to MR. JOHNSON had already been done.

47.   MR. JOHNSON immediately called Emergency Medical Services (EMS) after he was released.

48.   EMS discouraged MR. JOHNSON from going to the Emergency Room and instead took pictures of the red markings on his back and recommended that he visit a specialist if the pain on his back and shoulders persisted.

49.   When MR. JOHNSON returned home that night his back stiffened up with immense pain and his jaw and side of his neck locked up.

50.   MR. JOHNSON decided to go to the Emergency Room at Kapiolani Medical Center (KMC) around 2:30 a.m.

51.   KMC characterized his injuries due to physical assault.

52.   MR. JOHNSON also returned to KMC the following day on August 23,

7

2020 for a follow-up visit.

53.    MR. JOHNSON had follow-up doctor appointments at Straub Medical

Center on September 15, 2020 and September 17, 2020 due to pain in his head, neck and

shoulders.

54.    On September 1, 2020, MR. JOHNSON submitted a notarized written

complaint to the Honolulu Police Commission's ("HPC") office detailing OFFICER

MECHAM's unlawful and excessive use of force.

55.    Upon HPC's investigation, OFFICER MECHAM's statements and/or

recollections in the HPC investigative report ("HPC Report") are highly inconsistent with Body-

Worn Camera (BWC) footage from others HPD officers at the scene putting his credibility into

question.

56.    BWC footage from one of the HPD officers shows OFFICER MECHAM

standing behind MR. JOHNSON with his right knee against MR. JOHNSON's back while MR.

JOHNSON was handcuffed behind his back.

57.    MR. JOHNSON's legs were crossed and he is sitting up.

58.    MR. JOHNSON is quiet while an HPD officer approaches him and

OFFICER MECHAM.

59.    BWC footage also shows that MR. JOHNSON was compliant throughout

the process.

60.    OFFICER MECHAM's summarized statement in the HPC Report states

that "he [does not] remember if he used his knee or elbow [on Mr. Johnson]" and states that "at

no time did he throw [Mr. Johnson] to the ground and kneel on him. However, Officer Mecham

also states that "he may have bumped [Mr. Johnson] when he rolled Mr. Johnson to his side to

8

check for weapons in the area where his hands were handcuffed near his back waist band area.

61.     Also, OFFICER MECHAM believed that he forgot to turn on his BWC because it was a high stress call and that he wasn't supposed to be there in the first place.

62.     HPD Policy No. 2.57 (Body Worn Cameras) is summarized as follows: Page 3, Section B(1) (Authorized Use): "Officers shall activate the BWC when the officer: a) Responds to a call for service; or b) Initiates a law enforcement or investigative encounter between himself or herself and a member of the public."

63.     The HPC investigator showed OFFICER MECHAM two (2) photos from the BWC from another HPD officer depicting OFFICER MECHAM with MR. JOHNSON.

64.     In the first photo, OFFICER MECHAM's knee was up against MR. JOHNSON's back and in the second photo, thirty (30) seconds later, OFFICER MECHAM's knee was also against MR. JOHNSON's back.

65.     The investigator asked OFFICER MECHAM what he was doing in these photos.

66.     OFFICER MECHAM said he didn't know and that it was not any technique they are trained in.

67.     OFFICER MECHAM also stated that he was approaching MR. JOHNSON to go towards his waistband, but didn't need to use his knee to bend him over.

68.     MR. JOHNSON's waist was already exposed.

69.     After further review of the second photo, OFFICER MECHAM shockingly claimed it was an optical illusion given the camera angle and lighting.

70.     The summary of the investigation of the HPC Report states that OFFICER MECHAM does not believe he used excessive force on MR. JOHNSON and at no time did he

9

throw MR. JOHNSON to the ground and kneel on him.

71.     However, the HPC Report does state that BWC video and OFFICER MECHAM's own admission puts him at the scene with MR. JOHNSON with his knee to MR. JOHNSON's back and that MR. JOHNSON was already handcuffed when he searched him again.

72.     MR. JOHNSON sustained severe injuries because of OFFICER MECHAM's unconstitutional use of force.

73.     MR. JOHNSON is aware the City and County of Honolulu Police Department has a long history of its officers and agents using excessive force on detainees and criminal suspects.

74.     This long history of Honolulu Police Department of condoning its officers and agents use of excessive force on detainees and criminal suspects is reflected in the numerous lawsuits filed against HPD's officers for excessive force used against suspects and detainees.

75.     Upon information and believe, the City and County of Honolulu Police Department has a long-standing policy or practice of allowing its officers and agents to abuse their authority over suspects and detainees.

76.     Upon information and believe, the City and County of Honolulu Police Department has not rectified its long history of its officers and agents using excessive force on detainees and criminal suspects.

77.     Upon information and believe, the City and County of Honolulu Police Department has and continues to condone and allow its officers and agents to use excessive force on detainees and criminal suspects.

10

78.     Upon information and believe, the City and County of Honolulu Police Department has an official practice of condoning its officers and agents use excessive force on detainees and criminal suspects.

79.     Upon information and believe, the City and County of Honolulu Police Department has a longstanding practice or custom of condoning its officers and agents use of excessive force on detainees and criminal suspects.

80.     The City and County of Honolulu Police Department failed to establish, enforce, direct, supervise, and control fair and reasonable policies, customs, practices, usages, and procedures to be used by a) their law enforcement agents; b) personnel responsible for processing and administering accusations of alleged misconduct; and 3) deputies, so that their edicts and/or acts represent the official policy of the City and County of Honolulu Police Department.

81.     Instead, acting within such duty, the City and County of Honolulu Police Department officials and agents, by the various acts of omission and commission cited herein fostered and encouraged an atmosphere of lawlessness, custom, practice of corruption, as well as, aggressive, abusive and assaultive behaviour and procedures toward MR. JOHNSON which from the period of MR. JOHNSON's detention and onward, represented the policy, practice, custom and procedure of the City and County of Honolulu Police Department.

82.     The City and County of Honolulu Police Department's accusation, suspension, detention, unlawful search and seizure of MR. JOHNSON was in furtherance of the unlawful practice, custom and procedure of the City and County of Honolulu Police Department.

11

83.     The City and County of Honolulu Police Department failed to adequately train its officers including Defendant OFFICER MECHAM and this inadequate training resulted in the violation of MR. JOHNSON's constitutional rights.

Count I
(Applies to Defendant Mecham)

EXCESSIVE USE OF FORCE VIOLATING THE FOURTH AND FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

84.     MR. JOHNSON incorporates paragraphs 1 through 83 as though fully set forth herein.

85.     The OFFICER MECHAM maliciously caused the Plaintiff to be subjected to excessive force. OFFICER MECHAM acted under color of law.

Count 2
(Applies to Defendant City and County of Honolulu)

ABUSE OF AUTHORITY; FAILURE TO SUPERVISE
FOURTEENTH AMENDMENT CLAIM PURSUANT TO 42 U.S.C. § 1983

86.     MR. JOHNSON incorporates paragraphs 1 through 85 as though fully set forth herein.

87.     The Defendant City and County of Honolulu acted with deliberate indifference, failed to hire, supervise, train, or control subordinate police officers in the performance of their duties and use of force during the arrest of the Plaintiff; thus leading to the violations of the Plaintiff's rights and resulting injuries. Defendant City and County of Honolulu has a pattern of practice in failing to train police officers to provide immediate medical assistance after a citizen has been beaten by the police.

Count 3
(Applies to Defendant City and County of Honolulu)

12

DELIBERATE INDIFFERENCE
FOURTH AND FOURTEENTH AMENDMENT CLAIM PURSUANT TO 42 U.S.C. § 1983

88.    MR. JOHNSON incorporates paragraphs 1 through 87 as though fully set forth herein.

89.    The Defendant City and County of Honolulu failed to supervise, train, or control subordinate police officers in the performance of their duties during the arrest of the Plaintiff. The Defendants had knowledge of the unlawful arrest and continued imprisonment and prosecution of the Plaintiff. The Defendants failed to take action to prevent further violations of the Plaintiff's rights. Defendants have a pattern of custom in not supervising and disciplining police officers who violate citizens' civil rights by use of excessive force. Such actions constitute deliberate indifference to the Plaintiff's rights and injuries.

Count 4
(Applies to Defendant City and County of Honolulu)

PATTERN OF CONDUCT
FOURTEENTH AMENDMENT CLAIM PURSUANT TO 42 U.S.C. § 1983

90.    MR. JOHNSON incorporates paragraphs 1 through 89 as though fully set forth herein.

91.    The Defendant City and County of Honolulu's acts constitute a pattern of conduct of rights violations committed by police officers. The Defendants instituted or allowed to be instituted the practice, policy, custom, or usage of civil rights violations such as excessive force as described in this Complaint. Defendants have a pattern of practice of not disciplining officers for use of excessive force on citizens.

92.    Defendant City and County of Honolulu has a policy, custom and practice of condoning and endorsing excessive force by not investigating and disciplining Hawai'i Police

13

officers who assault citizens, such as occurred with MR. JOHNSON. Defendant Defendant City

and County of Honolulu acted with deliberate indifference.

### Count 5
(Applies to All Defendants)

### NEGLIGENCE - PENDENT STATE CLAIM

93.    MR. JOHNSON incorporates paragraphs 1 through 92 as though fully set

forth herein.

94.    The Defendants had a legal duty to protect the MR. JOHNSON from

injury. By using excessive force upon MR. JOHNSON, the Defendants negligently failed to

fulfill that duty which was the legal and proximate cause of serious injury to the Plaintiff.

### Count 6
(Applies to All Defendants)

### ASSAULT AND BATTERY

95.    MR. JOHNSON incorporates paragraphs 1 through 94 as though fully set

forth herein.

96.    The actions of Defendants constituted intentional assault and battery,

which lead to serious injury to the Plaintiff.

### Count 7
(Applies to All Defendants)

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97.    MR. JOHNSON incorporates paragraphs 1 through 96 as though fully set

forth herein.

98.    The foregoing acts by Defendants were intentional, willful and the legal

and proximate cause of infliction of emotional distress to Plaintiff.

<u>Count 8</u>
(Applies to All Defendants)

## <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

99.    MR. JOHNSON incorporates paragraphs 1 through 98 as though fully set forth herein.

100.    The foregoing acts by Defendants were perpetrated with intent to cause a reckless, wanton and willful disregard of the probability of causing Plaintiff to suffer severe emotional distress in the form of mental anguish and suffering, wounded feeling, humiliation, shock degradation and extreme and enduring damages in an amount to be proved at trial.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, the Plaintiff respectfully requests this Court to grant the following relief:

(a)    A declaratory judgment be issued that the Plaintiff's rights have been violated as alleged.

(b)    A preliminary and permanent injunction to have Defendant City and County of Honolulu desist from such acts and to take preventative measures to prohibit further unnecessary excessive force and civil rights violations on citizens.

(c)    An award to the Plaintiff for compensatory, special, statutory, liquidated, exemplary, and punitive damages (as to individual Defendant Officer MECHAM) and other monetary relief in the amount to be determined and prejudgment interest entered to the maximum extent permitted by law.

(d)    An award to the Plaintiff for all costs and attorney's fees arising from this litigation.

(e)    Any other relief that this Court deems appropriate.

DATED: Honolulu, Hawaii, August 17, 2022.

/s/ Joseph T. Rosenbaum
JOSEPH T. ROSENBAUM
ELIZABETH JUBIN FUJIWARA
Attorneys for Plaintiff
MARQUIS JOHNSON

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MARQUIS JOHNSON,<br><br>              Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>JACOB D. MECHAM, Police Officer; JOHN<br>DOES 1-10; JANE DOES 1-10; DOE<br>CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; DOE<br>UNINCORPORATED ORGANIZATIONS<br>1-10; and DOE GOVERNMENTAL<br>AGENCIES 1-10,<br><br>              Defendants. | ) CIVIL NO.<br>) (Other Civil Action)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable herein.

DATED:      Honolulu, Hawaii, _August 17, 2022.

                             /s/ Joseph T. Rosenbaum<br>
                             JOSEPH T. ROSENBAUM<br>
                             ELIZABETH JUBIN FUJIWARA<br>
                             Attorneys for Plaintiff<br>
                             MARQUIS JOHNSON

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER<br>1CCV-22-0000983 |
| --- | --- | --- |

| PLAINTIFF<br>Marquis Johnson | VS. | DEFENDANT(S)<br>County of Honolulu Police Department; Jacob D. Mecham |
| --- | --- | --- |

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-22-0000983**
**12-OCT-2022**
**10:59 AM**
**Dkt. 9 SUMM**

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

Marquis Johnson
c/o
Fujiwara and Rosenbaum, LLLC
1100 Alakea St. 20th Fl. Ste B
Honolulu, HI 96813
808-393-4643

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Joseph T. Rosenbaum at Fujiwara and Rosenbaum, LLLC- 1100 Alakea St 20th Fl Ste B, Honolulu, HI 96813

_____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | **Effective Date of 28-Oct-2019**<br>**Signed by: /s/ Patsy Nakamoto**<br>**Clerk, 1st Circuit, State of Hawai'i** |  |
| --- | --- | --- |

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.